PROCEDURAL HISTORY
LEE, C.J.,
for the Court:
¶ 1. Dr. Joseph W. Blackston filed a complaint in the Hinds County Circuit Court against Christopher Epps, Dr. Kent-rell M. Liddell, and the Mississippi Department of Corrections (collectively the MDOC). The complaint alleged tortious interference with business and/or contractual relations, intentional and/or negligent infliction of emotional distress, and defamation. The MDOC filed a motion to dismiss and/or summary judgment arguing that the MDOC was not liable pursuant to the Mississippi Tort Claims Act (MTCA). See Miss.Code Ann. §§ 11^46-1 to 11-46-28 (Rev.2002).
¶ 2. After hearing arguments, the trial court granted summary judgment in favor *668 of the MDOC on the contractual and emotional-distress claims. The trial court noted that Dr. Blackston had conceded the defamation claim and proceeded to dismiss that particular claim with prejudice. Dr. Blackston now appeals, asserting that summary judgment was improperly granted.
FACTS
¶ 8. Dr. Blackston began working with the MDOC in July 2003 as Director of Medical Compliance overseeing a contract between the MDOC and Correctional Medical Services, Inc. (CMS). In the summer of 2004, CMS offered Dr. Blackston a job. Dr. Blackston contends that he informed Epps of this job offer. However, Dr. Lid-dell was ultimately offered the job with CMS. After several weeks working for CMS, Dr. Liddell was offered and accepted Dr. Blackston’s job with the MDOC. On September 1, 2004, Dr. Blackston became the medical director at Central Mississippi Correctional Facility (CMCF).
¶ 4. In early 2006, the MDOC contracted with another company, Wexford, rather than CMS to provide medical services. Much of the current MDOC staff became concerned about retaining their jobs. Around this time, Dr. Blackston states that he had a scheduling conflict with an upcoming trial. Dr. Blackston contends that Dr. Liddell ordered him to cooperate “or else.” Shortly thereafter, Dr. Black-ston states that he was informed that Wex-ford had declined to offer him a position. According to Dr. Blackston, a representative from Wexford informed him that Dr. Liddell had instructed Wexford to hire a minority physician for the position. Dr. Blackston is a white male. In August 2006, Dr. Blackston began working for Central Mississippi Medical Center in the emergency room.
¶ 5. Dr. Blackston’s complaint details his problems with how Epps and Dr. Liddell purportedly mismanaged the prison health system. Dr. Blackston contends that he has received numerous complaints from nursing and other staff about the mistreatment they had received from Epps and Dr. Liddell. However, most of these complaints have no direct bearing on Dr. Blackston’s claim other than to portray Epps and Liddell in a negative light.
STANDARD OF REVIEW
¶ 6. In reviewing a trial court’s grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., Inc., 716 So.2d 543, 547 (¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
DISCUSSION
¶ 7. In his only issue on appeal, Dr. Blackston argues that the trial court erred in granting summary judgment in favor of the MDOC. Specifically, Dr. Blackston contends that Dr. Liddell tortiously interfered with his business relationship with Wexford by requiring Wexford to hire a minority physician for the position of medical director.
*669 ¶ 8. Pursuant to the MTCA, governmental entities and their employees acting within the course and scope of their duties enjoy certain exemptions and protections. An employee is not liable personally as long as their conduct falls within the course and scope of employment and does not otherwise constitute fraud, malice, libel, slander, defamation, or a crime. Miss. Code Ann. § 11-46-7(2) (Rev.2002). The MTCA also provides immunity for a claim based on the exercise or performance of a discretionary function, “whether or not the discretion be abused.” Miss.Code Ann. § 11 — 46—9(l)(d) (Supp.2010). Furthermore, Mississippi Code Annotated section 11 — 46-9(l)(g) (Supp.2010) considers the hiring of personnel a discretionary function.
¶ 9. Although Dr. Blackston contends that Dr. Liddell required Wexford to hire a minority physician, he has failed to produce any probative evidence through affidavits or otherwise to support his allegations. Unsubstantiated allegations are not enough to create a genuine issue of material fact. Progressive Gulf Ins. Co. v. Dickerson and Bowen, Inc., 965 So.2d 1050, 1053 (¶ 8) (Miss.2007). This issue is without merit.
If 10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING, P.J., AND ISHEE, J., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, J., AND JOINED IN PART BY ROBERTS, J. GRIFFIS, P.J., MYERS, MAXWELL AND RUSSELL, JJ„ NOT PARTICIPATING.